**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| **DAVID WILLIAMS** | * | |
| **ADC #78730,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Case No. 5:05CV00010JMM/JFF** |
| | * | |
| **ANTHONY BRADLEY**, *et al.,* | * | |
| | * | |
| **Defendants** | * | |

## PROPOSED RECOMMENDED DISPOSITION

**I**.      **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James Maxwell Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## II.      Proposed Recommendation

### A.      Defendants' Motion to Dismiss

Plaintiff, a Varner Super Max inmate proceeding pro se, filed this action pursuant to 42 U.S.C. Section 1983, and he was granted leave to proceed *in forma pauperis*. Service was returned executed on Arkansas Department of Correction Defendants Larry Norris, Anthony Bradley, Tommy James, Greg Harmon, Marvin Evans, Ray Hobbs, Max Mobley, Robert Clark, James Gibson, Keith Waddle, and they have moved to dismiss Plaintiff's Complaint (docket entry #21). Plaintiff has filed a response to the pending Motion to Dismiss (docket entry #25).

In their Brief in Support (docket entry #22), the Defendants have identified six issues underlying the Complaint: (1) Plaintiff was not given a hat to wear in the cold weather; (2) he was made to strip search in front of female officers while they ate cupcakes and drank soda; (3) he was

not given a cap during the summer months; (4) he was denied the right to pay for polygraph tests to be conducted on several officers; (5) deliberate indifference to his medical script that required that he only be handcuffed with his hands in front of his person; (6) and denial of yard call due to the weather.  Defendants contend that Plaintiff has failed to exhaust his administrative remedies on these complaints, and notwithstanding, his allegations do not rise to the level of a constitutional violation.  Further, they state, but have not seriously briefed, that some of Plaintiff's claims are barred by *res judicata* because they duplicate claims raised in case 5:05CV00048.  Defendants James, Harmon, Evans, Hobbs, and Mobley contend that they must be dismissed from the suit because Plaintiff's claims against them are based upon *respondeat superior*, which cannot support a constitutional claim under Section 1983.  Finally, the Defendants contend that the official capacity claims against them are barred, and that Plaintiff cannot challenge a disciplinary conviction through a Section 1983 action.

## 1.    *Exhaustion of Administrative Remedies*

Plaintiff has alleged in his Complaint that he has presented the facts supporting his legal claims through the prison grievance procedure, and the burden is upon the defense to support their exhaustion argument.  *Nerness v. Johnson*, 401 F.3d 874 (8th Cir. 2005) (exhaustion requirement is an affirmative defense).  Defendants contend that while Plaintiff has filed a number of grievances, he has failed to address the named Defendants in the grievances, and he has failed to attribute any wrongdoing to them in the grievances.  In *McAlphin v. Toney*, the Eighth Circuit held that exhaustion does not require that all named Defendants involved in a claim be identified in the administrative grievance filed concerning the issue. 375 F.3d 753 (8th Cir. 2004).

The Plaintiff submitted with his Complaint a voluminous amount of grievance materials

related to a plethora of issues.  It is clear that Plaintiff exhausted his administrative remedies on his complaint that administrative segregation inmates have been denied a hat to wear in the winter through MX02-0134 and MX02-4200.  Plaintiff asserts that inmates are often left on the yard for up to three hours while the yard crew performs other duties in the cold weather without a covering for their head or ears, while officers are wearing hats, coats and gloves.   In MX02-0262, Plaintiff exhausted his complaint concerning being strip searched outside in cold weather in view of female officers and vendors.  In grievance MX02-0542 and MX02-3481, Plaintiff complained that Sergeant Bradley stated that he personally had his front handcuff script voided.   Plaintiff stated that he had the script for a torn rotator cuff, pec muscle injury and due to his obesity.  Plaintiff states that Speers and Bradley did not have him reevaluated by a physician before discontinuing the script, and Speers was aware of his need for the script.  In grievance MX02-4463, he states that Speers also rescinded his script for a knee brace, special shoes and a non-wool blanket.  Plaintiff again raised his complaint regarding being strip searched in view of female officers that he refers to as a "forced sex show" in exhausted grievances MX02-1309 and MX02-1938 and in freezing weather in grievance MX02-4740.   In grievance MX02-2238, MX02-2266, and MX02-4903, Plaintiff exhausted his complaint that he was not allowed to wear a cap in the summer months during yard call, and in MX03-0553 that officials were not giving yard call.   He contends that failure to allow him to wear a hat resulted in a cycle of his bald head, ears and nose continually burning and the skin blistering and peeling, which increases his risk of skin cancer and heat strokes.  In MX02-4294 and MX02-4295, Plaintiff contends that after he received a Deputy Director's decision on one of his grievances, Bradley retaliated against him for his use of the grievance by issuing him a disciplinary for failing to comply with an order to submit to shakedown of his person following yard call, and another disciplinary

4

issued for possession of contraband (cigarettes) that were found in his cell during a shakedown. Plaintiff states that the disciplinary stemming from the cell search was dismissed before he was summoned to disciplinary court. On the other disciplinary, he was found guilty of refusing to obey an order and was reduced from class IC to class IV and served 10 days in punitive isolation. In MX02-4420, he asserts that the disciplinary hearing officer denied him due process by failing to ask the witnesses questions that Plaintiff wanted answered during the hearing. Plaintiff makes similar allegations regarding a June 2003 disciplinary issued by Bradley on which he was found guilty in grievance MX 03-1738. In grievance MX03-3961, he has exhausted his grievance that he was transferred to an observation isolation cell in the Varner Unit in retaliation for using the grievance system. The Court's review of the grievance materials demonstrate that Plaintiff has exhausted his administrative remedies on the claims that form the basis of his Complaint.

### 2.    *Respondeat Superior*

Defendants James, Harmon, Evans, Hobbs and Mobley contend that Plaintiff is attempting to hold them liable solely upon the basis of their supervisory positions. Plaintiff points out in his Complaint that at various points each supervising official is alleged to have played a direct role in the grievance process and/or review of his disciplinary appeal. *Boyd v. Knox,* 47 F.3d 966 (8th Cir. 1995); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). Thus, Defendants' argument on this point is unavailing at this juncture.

### 3.    *Official Capacity Claims*

Defendants contend that the official capacity claims against them are barred because a person sued in their official capacity is not a "person" for purposes of 42 U.S.C. Section 1983, and that the state's sovereign immunity serves to bar such claims because they are in effect a suit against the state

itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Alabama v. Pugh*, 438 U.S. 781 (1978).  Plaintiff concedes that he cannot obtain monetary damages from the Defendants in their official capacity, but that the official capacity claims should remain a part of the suit given his request for injunctive relief.  *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) (suits brought under *Ex parte Young* doctrine against state officials may proceed notwithstanding Eleventh Amendment where plaintiffs seek prospective injunctive relief to end continuing federal law violations).

4.     <em>Disciplinary Conviction</em>

Defendants also assert that Plaintiff cannot bring a Section 1983 which in effect seeks to overturn a disciplinary conviction.  They assert that Plaintiff's claim that the disciplinary judge followed "unlawful procedure" to reach his decision on the two disciplinary charges on which Plaintiff was found guilty, is barred because a judgment in his favor would necessary imply the invalidity of the disciplinary convictions, which  implicate the duration of his confinement through the loss of his good time credits. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff has responded that he is sentenced to life without parole, and therefore, he cannot earn good time credit.  His sentence is subject only to the authority of the Governor to commute sentences.  Moreover, he complains that he was disciplined in retaliation for utilizing the grievance process. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989) (filing of false disciplinary charge against inmate is actionable under § 1983 if done in retaliation for inmate's having filed grievance pursuant to established procedures, because such retaliation interferes with inmate's access to grievance procedure).  A retaliatory-discipline claim may be successfully defended if the defense

6

shows "some evidence" that the inmate actually committed a rule violation. *See Earnest v. Courtney*, 64 F.3d 365, 367 (8th Cir.1995) (*per curiam*) (retaliation claim is precluded if punishment was imposed based on actual violation of prison rules); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially precluded prisoner's retaliation claim)

5.     *Res Judicata*

Upon review of the docket in case 5:05CV00048 JMM/JLH, the facts and issues raised therein have not yet been litigated, and therefore *res judicata* does not apply. Moreover, the Court found in case 5:05CV00048 that the claims raised therein were not sufficiently related to the claims asserted in this case.

6.     *Failure to State a Claim*

Prison officials can be held liable when they are deliberately indifferent to an inmate's serious medical needs, are deliberately indifferent to an inmate's health or safety, or interfere with an inmate's medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976). As pointed out above, prison officials are prohibited from retaliating against inmates for engaging in protected conduct, such as the use of a prison internal grievance system. In addition, plaintiff's allegations regarding conditions under which strip searches of his person conducted in the presence of female officers implicates constitutional privacy questions. *See Timm v. Gunter*, 917 F.2d 1093, 1099-1102 (8th Cir.1990), *cert. denied*, 501 U.S. 1209 (1991). Accordingly, Plaintiff has stated a claim for relief at this juncture.

**B.     Motion for Injunctive Relief**

The Defendants have responded (docket entry #24) to Plaintiff's request for injunctive relief

(docket entry #3, 4, 5, 6, 20), and Plaintiff has filed a Reply (docket entry #26).

Plaintiff seeks an injunction requiring that he be given all prescribed medical treatment, given the legal materials and supplies he needs to litigate his cases, given a transfer to another ADC unit, ensuring that yard call is conducted properly, an injunction prohibiting a retaliatory transfer out of state, and preventing disciplinary hearings from being conducted in an unlawful manner (docket entry #3-6 and 20).

A court analyzes a request for preliminary injunctive relief under the standard set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The court weighs: (1) the threat of irreparable harm to the movant; (2) the state of the balance between the harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. While no one factor is dispositive, absent a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989). "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994) (*citing Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.3d 109 (8th Cir. 1981)). As has been stated by this Circuit, "injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) (*quoting Holiday Inns of Am. v. B & B Corp.*, 409 F.2d 614, 618 (3rd Cir. 1969)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in

dealing with the complex and intractable problems of prison conditions.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (*quoting Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).

Many of the issues that Plaintiff raises in his request for injunctive relief, such as the request for immediate medical care and for legal supplies and materials, are not issues raised in the Complaint; therefore, they cannot form the basis of a request for injunctive relief.   In addition, Plaintiff has not shown that he is in immediate danger of suffering irreparable harm.

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss (docket entry #21) be DENIED and Plaintiff's Motion for Injunctive Relief be DENIED (docket entry #3, 20).

DATED this 12th day of August, 2005.

MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT