IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DAVID WILLIAMS<br>ADC #78730, | *<br>*<br>* | |
| Plaintiff | *<br>* | |
| v. | *<br>* | Case No. 5:05CV00010JMM/BD |
| ANTHONY BRADLEY, *et al.*, | *<br>* | |
| Defendants | * | |

## ORDER

Pending before the Court are the Plaintiff's motions for injunctive relief (docket entries # 95 and # 114). The Defendants filed Responses (docket entries # 97 and # 115), and the Plaintiff has filed a Reply (docket entry #120). Additionally, the Court construes the Plaintiff's "Motion to Show Cause for Adequate Relief" (docket entry #111) as a motion for injunctive relief.

The Plaintiff's motion for injunctive relief filed on January 16, 2007 (docket entry # 95) makes various allegations concerning conditions of confinement which he claims are "obdurate actions in retaliation for my numerous lawsuits against [Defendant Harmon]." Although he mentions issues concerning yard call, shower calls, disciplinary actions, incidents involving other inmates at his prison, and interference with his "front cuff clearance," the Plaintiff requests unspecified intervention by this Court. The Plaintiff's "Continued Motion and Plea for Adequate Relief" filed on April 6, 2007

(docket entry #114) refers to the motion for injunctive relief (docket entry #95), reincorporates many of the same allegations, and emphasizes his complaints concerning handcuff procedures.

Courts analyze requests for preliminary injunctive relief under the standard set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981), weighing: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the injury that granting the injunction will impose on the non-moving parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. While no one factor is dispositive, absent a finding of irreparable injury, a preliminary injunction generally should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989). "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.3d 109 (8th Cir. 1981)). The Eighth Circuit Court of Appeals has stated, "injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) (quoting *Holiday Inns of Am. v. B & B Corp.*, 409 F.2d 614, 618 (3rd Cir. 1969)). Moreover, "in the prison context, a request for injunctive

relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison conditions.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).

The most pervasive complaint throughout each of his pending motions concerns the prison policy and use handcuffs.  In paragraph 4 of his Continued Motion and Plea for Adequate Relief (docket entry #114), the Plaintiff complains that during a search of his cell he was restrained "by 2 cuffs behind my back."  Attached to the same motion is a copy of an official memorandum directed to "All Shift Supervisors" by Captain Jackson of the East Arkansas Regional Unit of the Arkansas Department of Correction dated December 18, 2006.  The memorandum notes that the Plaintiff has a "medical script to be handcuffed behind his back with 2 sets of handcuffs.  Each supervisor is to ensure this procedure is strictly adhered to at all times."  Although the Plaintiff characterizes the failure of prison officials to give him a "front cuff clearance" as "torture," there is no evidence that the Plaintiff is in immediate danger of suffering irreparable harm.  The Plaintiff's additional complaints are generalized allegations, and he fails to show that he is in immediate danger of suffering irreparable harm.

Accordingly, the Plaintiff's motions for injunctive relief (docket entry #s 95, 111,

and 114) are DENIED.

DATED this 3rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE